IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM B. LOOK, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>KAMALA HARRIS et al.,<br><br>    Defendants. | No. C 16-5465 CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Pro se Plaintiff William B. Look, a California lawyer, has brought suit against the State Bar, several of its employees (collectively, "the State Bar Defendants"),[1] and Attorney General Kamala Harris ("Harris") in connection with state disciplinary proceedings. See generally Compl. (dkt. 1). The State Bar Defendants and Harris separately move to dismiss. See generally Harris MTD (dkt. 17); Bar MTD (dkt. 22).[2]  As discussed below, the Court GRANTS both motions.

**I.   BACKGROUND**

Judge Koh referred Look to the State Bar. See Von Haar v. City of Mountain View, No. 10-cv-02995-LHK, 2012 WL 5828511 (N.D. Cal. Nov. 15, 2012).  On July 9, 2014, the

---

[1] The State Bar Defendants are the California State Bar, Catherine D. Purcell, Terese Laubscher, Alma Cueto, Terrie Goldade, and Tracey McCormick, as well as Does 1-100.

[2] Look filed an untimely and improper "Supplemental Memorandum of Law in Opposition to State Bar Defendants' Rule 12(B) Motion," in which he asks the Court to bifurcate the issue of the constitutionality of Cal. Bus. & Prof. Code § 6103. See Supp. Opp'n (dkt. 30). The Court DENIES this request.

1  California Supreme Court disciplined Look, and ordered him to take and pass the Multistate
2  Professional Responsibility Exam (MPRE).  See Compl. ¶ 14.  Look alleges that the State
3  Bar gave him two years to comply.  Id.  Look passed the MPRE on March 28, 2015, and the
4  company administering the exam transmitted the results to the State Bar in May 2015.  Id.
5  Nevertheless, on September 17, 2015, State Bar employee Laubscher sent a letter directly to
6  State Bar employee Purcell, an administrative hearing officer of the Review Department of
7  the State Court Bar, for the purposes of securing an "automatic suspension."  Id. ¶ 18.  Look
8  alleges that the letter represented that he had not taken or passed the MPRE.  Id.  In fact, the
9  letter stated that Look had not "filed with the Office of Probation proof of successful
10 completion of the [MPRE]."  See RJN (dkt. 23) Ex. 4 (9/17/2015 Laubscher letter).[3]  Look
11 objected, notifying the Review Department on September 21, 2015, that he had in fact taken
12 and passed the MPRE.  Compl. ¶ 19.

13 On September 25, 2015, without any notice or hearing, Purcell issued an order stating
14 that Look had failed to take and pass the MPRE, and suspending Look from practicing law.
15 Id. ¶ 20.  Look alleges that no evidence supported this decision, and that in fact the State Bar
16 had in its possession records demonstrating that he had passed the MPRE.  Id. ¶ 21.  Look's
17 suspension ran from October 19, 2015 to April 19, 2016, when the Review Department
18 vacated the order.  Id. ¶ 22.  Look was unable to earn a living practicing law during that time.
19 Id.  In addition, from October 19, 2015 until the present, the State Bar has falsely published
20 on its website that Look acted unethically in failing to take the MPRE.  Id. ¶ 23.

21 On September 30, 2015, Look attempted to invoke California Rule of Court 9.13 and
22 seek review in the California Supreme Court.  Id. ¶ 27.  All of his papers were returned as
23 unfiled, and the Court directed him to seek review in the Review Department.  Id. ¶ 28.  Look
24 also sent a letter to Harris, alerting her to the conspiracy he believed was afoot.  Id. ¶ 27.
25 Harris returned that letter to him for lack of jurisdiction, explaining that the State Bar was an
26 arm of the California Supreme Court.  Id. ¶ 28.  Look endeavored to obtain the copy of his

27
28  [3] Look objects to the Court taking judicial notice of any of the documents Defendants submitted, see Objection to RJN (dkt. 25), but his Complaint explicitly referenced the letter, and so it is judicially noticeable, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

United States District Court
For the Northern District of California

2

MPRE record, which he contends was in the possession of the State Bar, but no record was ever disclosed. Id. ¶ 30.

Look brought suit in this Court in September 2016, alleging (1) Denial of substantive due process by imposition of licensing sanction based on administrative falsehood; (2) Willful violation of his civil rights under 42 U.S.C. § 1983; (3) Civil and criminal conspiracy to deny him due process under 42 U.S.C. § 1945 (the Court presumes that he means 42 U.S.C. § 1985); (4) Failure to prevent violation of civil rights by failure to disclose exculpatory evidence under 42 U.S.C. § 1946 (the Court presumes that he means 42 U.S.C. § 1986); (5) Denial of due process and equal protection under the law pursuant to 18 U.S.C. § 241; (6) Denial of due process and equal protection under the law pursuant to 28 U.S.C. § 1983 (the Court presumes that he means 42 U.S.C. § 1983); and (7) seeking declaratory relief. See generally id.

Harris and the State Bar defendants move to dismiss. See generally Harris MTD; Bar MTD.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). The party invoking federal jurisdiction bears the burden of establishing that such jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asserts that the complaint fails to state a claim upon which relief may be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, a court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987). A complaint

1  must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl.
2  Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads
3  factual content that allows the court to draw the reasonable inference that the defendant is
4  liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
5  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
6  statements, do not suffice." Id.

## III.   DISCUSSION

Defendant Kamala Harris and the State Bar Defendants have each filed a motion to dismiss the complaint.

### A.   Harris Motion to Dismiss

The Court grants Harris's motion to dismiss because it correctly argues that Look has no standing to bring his claim against her. See Harris MTD at 4.

To have standing to sue in federal court, a plaintiff must satisfy three elements: (1) an injury in fact; (2) a causal connection between the injury and the defendant's conduct, and (2) a likelihood that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The party invoking the federal court's jurisdiction has the burden of establishing these elements. Id. Harris argues that Look does not meet his burden on the element of redressability. Harris MTD at 4.

Look complains in this case about the past injury of having had his law license suspended. See Compl. ¶ 20. He also complains that Harris did not help him when the State Bar suspended his license. See id. ¶¶ 27–28. But the only claim in the Complaint against Harris is for declaratory relief. See id. ¶¶ 76–86. Look seeks a declaration that the Attorney General, "as the executive officer charged with enforcing the law of the State of California, has an affirmative duty to enforce the California State Bar Act . . . and the due process rights of attorneys" in the disciplinary process. Id. ¶ 77. He also seeks a declaration that the Attorney General has a duty to protect attorneys from discrimination and unequal practices of the State Bar. Id. Look further seeks a declaration that the creation of the California State Bar and the enactment of the California State Bar Act was an exercise of the Legislative

Power, not the Judicial Power, and therefore the Attorney General has the power and authority to enforce the State Bar Act. Id. ¶ 78.[4] These declarations would not redress Look's injury.

"A plaintiff who has standing to seek damages for a past injury, or injunctive relief for an ongoing injury, does not necessarily have standing to seek prospective relief such as a declaratory judgment." Mayfield v. U.S., 599 F.3d 964, 969 (9th Cir. 2010). A declaration that the California Attorney General is obligated to act in a certain way going forward does not redress Look's injury of having had his license suspended— it neither restores his license nor compensates him for its temporary loss. Nor could it impact Harris's failure to help Look when his license was suspended, as that event is in the past. See Villegas v. U.S., 926 F. Supp. 2d 1185, 1199 (E.D. Wash. 2013) (explaining that declaratory relief is "'essentially an equitable cause of action,' which the Court may 'grant or withhold . . . on the basis of traditional equitable principles'" and that "Plaintiff lacks standing to seek equitable relief for wholly-past injuries.").

The only way that Look would have standing is if he could point to a significant possibility of future harm. See San Diego Cty. Gun Rights Committee v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996) ("Because plaintiffs seek declaratory relief . . . there is a further requirement that they show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury."); Lujan, 504 U.S. at 564 n.2 (requiring "that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all."). The Complaint does not do so. In his opposition brief, Look argues that "Plaintiff will be injured if, in [the] future, further actions by the State Bar of California (alleged to exceed its statutory authority or to be unlawful) continue as a result of inaction by the Attorney General." Opp'n to Harris MTD (dkt. 18) at 13. But that claimed injury is too speculative. He also asserts in his opposition brief: "the underlying dispute with the State Bar is still 'live' and plaintiff was forced to give warning in

---

[4] Look additionally seeks various declarations regarding the operation of the State Bar, which are unrelated to the Attorney General. See id. ¶¶ 79–86.

5

1 October to the State Bar that he would seek injunctive relief if the Office of Probation
2 attempted to pursue another false claim of a probation violation, a threat that originated with
3 defendant Laubscher after the complaint in this case was filed." Id. at 13. The dispute Look
4 mentions in his opposition brief is too speculative to confer standing. See Lujan, 504 U.S. at
5 560 (requiring "concrete and particularized," not "conjectural or hypothetical," injury).

Because Look does not complain of a redressable injury caused by Harris, he lacks standing, and his lone claim against Harris is DISMISSED.

### B. State Bar Defendants Motion to Dismiss

The State Bar Defendants move to dismiss on several bases. Pursuant to Rule 12(b)(1), they argue that the Court should dismiss the Complaint under the Eleventh Amendment and under Rooker-Feldman.[5] Pursuant to Rule 12(b)(6), they argue that the Complaint fails to state a claim for a variety of reasons. The Court addresses the dismissal arguments as to both types of Bar defendant separately.

#### 1. State Bar Itself

In the absence of consent, the Eleventh Amendment prohibits a plaintiff from suing the state in federal court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). That prohibition applies regardless of the relief sought. Id. The Ninth Circuit has recognized that the State Bar is a "state agency" for the purposes of sovereign immunity. See Hirsh v. Justices of the Sup. Ct. of Cal., 67 F.3d 708, 715 (9th Cir. 1995). Although Look contends that the State Bar has waived its sovereign immunity by agreeing to sue and be sued, see Compl. ¶ 10, Opp'n to Bar MTD (dkt. 29) at 4, he cites to no authority for this, see also Ramos v. Cal. Comm. of Bar Examiners of State Bar of Cal., 857 F. Supp. 702, 705

---

[5] The Court does not dismiss on the basis of Rooker-Feldman. Another court in this district explained in a similar case that Rooker-Feldman did not apply when an attorney was not actually seeking relief from the California Supreme Court decision disbarring him (i.e., he was not seeking readmission or reinstatement), but was seeking damages from the Bar and its employees "for alleged wrongs committed by these actors against him." See Khanna v. State Bar of Cal., 505 F. Supp. 2d 633, 642 (N.D. Cal. 2007) (explaining that such an "attack is collateral, not frontal."). Look here is not trying to reverse an order of the California Supreme Court (after all, his suspension has already been lifted); instead, he is suing the State Bar and its employees for alleged wrongs committed against him. He is therefore not a state court loser barred by Rooker-Feldman. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S.Ct. 1517, 1521–22 (2005).

(N.D. Cal. 1994) (rejecting argument that Cal. Bus. Code § 6001, which provides that Bar "may sue and be sued," is a waiver of Eleventh Amendment rights). Accordingly, the Court DISMISSES Look's claims against the State Bar pursuant to the Eleventh Amendment.

### 2. State Bar Employees

#### a. 12(b)(1) Arguments

State officials acting in their official capacities are also immune from suit under the Eleventh Amendment. Hirsh, 67 F.3d at 715. This is because a suit against state officials is in fact a suit against a state. Pennhurst, 465 U.S. at 101–02. Look sued the individual Bar employees in their individual capacities, and only in their official capacities as applicable to the declaratory relief claim. See Compl. ¶¶ 11–13.

While the Eleventh Amendment does not prevent suits for declaratory judgment against state officials acting in their official capacity under Ex Parte Young, 209 U.S. 123 (1908), the Ex Parte Young doctrine applies only to prospective relief, Summit Med. Associates. P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999). The Complaint here does not pertain to a present violation of federal law; it pertains to Defendants' allegedly unconstitutional past acts. See Semiole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996); Compl. ¶¶ 14–36. There is no ongoing discipline as the State Bar lifted Look's suspension. See Compl. ¶ 36. Accordingly, Ex Parte Young does not apply and the Court DISMISSES the claim for declaratory relief against the Bar employee defendants pursuant to the Eleventh Amendment.

The Court, however, rejects the State Bar Defendants' argument that, despite Look's conclusory labeling, the other claims against the individual defendants are official capacity claims, and therefore also barred by the Eleventh Amendment. See Bar MTD at 6; Hirsh, 67 F.3d at 715. In determining whether a suit is an individual or official capacity suit, courts are to consider the essential nature of the proceeding. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995). The Complaint here attributes some of Defendants' actions to a policy of the Bar but also seems to complain of malfeasance independent of any Bar policy. See, e.g., Compl. ¶¶ 25, 40, 43, 50. The Court cannot conclude that the individual Bar employee

defendants are being sued simply for doing their jobs. Accordingly, the Eleventh Amendment only bars the declaratory relief claim against the individual Bar employees.

As discussed above, the Court also rejects the argument for dismissal on the basis of Rooker-Feldman.

### b. 12(b)(6) Arguments

The individual Bar Defendants' efforts under Rule 12(b)(6) are more successful.[6]

#### i. Failure to State a Claim

As an initial matter, the argument that the Complaint fails to state a claim under 42 U.S.C. §§ 1985 and 1986 is correct. See Bar MTD at 14–15. These sections require "some racial, or perhaps otherwise class-based, invidiously discriminatory animus," and there are no such allegations in the Complaint. See United Broth. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 835 (1983); see generally Compl. Defendants are also correct that 18 U.S.C. § 241 is a criminal statute with no private right of action. See Bar MTD at 15; Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Accordingly, the Court DISMISSES the third, fourth and fifth causes of action for failing to state a claim.

#### ii. Res Judicata

The individual Bar Defendants' argument under res judicata is also persuasive. "Whether a prior state court judgment precludes relitigation of an identical claim in federal court depends on the preclusion rules of the state." Gupta v. Thai Airways Int'l, Ltd., 487 F.3d 759, 765 (9th Cir. 2007). In California, courts apply res judicata where "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." People v. Barragan, 32 Cal. 4th 236, 253 (2004). A party may not relitigate issues that were or could have been raised in a previous action. Takahashi v. Bd. of

---

[6] Not all of them; the argument that the individual Bar defendants are not persons subject to suit depends on the Court's concluding that the State Bar defendants are sued in their official capacity, see Bar MTD at 13, and therefore fails.

8

1 Educ. of Livingston Union Sch. Dist., 202 Cal. App. 3d 1464, 1481 (1988).

2       The Bar Defendants argue that the California Supreme Court's November 10, 2015
3 judgment was final and on the merits, that the issues raised in both proceedings are identical,
4 and that the party against whom the doctrine is being asserted (Look) is identical. Bar MTD
5 at 12. The second two elements are met and undisputed—Look was a party to the prior
6 proceeding, and in the prior proceeding he raised the same issues as in this case. See, e.g..
7 RJN (dkt. 23) Ex. 8[7] (Request for Stay of Ultra Vires Sua Sponte Order of Suspension by
8 Review Department of State Bar Court) ¶ 4 ("based on an ex parte letter. . . . contrary
9 evidence of Petitioner's verified Petition and sworn statements that show Petitioner did take
10 the MPRE. . . . actually alleging is that Petitioner was tardy in reporting the MPRE results. . .
11 . the Order was in error in suspending Petitioner for tardy report of the examination."); ¶ 6
12 ("unlawful and collusive ex parte procedure employed by the Probation Department and the
13 Review Department, over Petitioner's attempt to object, before the Review Department
14 issued its 9/25/15 order of suspension sua sponte . . . based on nothing more than an unsworn
15 ex parte communication from the Probation Office."); ¶ 7 ("State Bar has also posted
16 reference to the Order on the website with the indication Petitioner is not authorized to
17 practice."); ¶ 9 ("production of the examination report in its possession . . . simply accessed
18 the report of the examination results already in their actual or constructive possession");
19 ¶ 13(C) ("without a prior hearing on facts contradicted by exculpatory evidence in the
20 possession of the State Bar").

21       Look disputes that the first element is met, arguing that "there was no final state
22 action." See Opp'n at iii, 12–15. He contends that "there was no California Supreme Court
23 Review and there were no findings of fact rendered in the Review Department to support
24 either action, the 9/25/2015 Order or the denial of Petitioner's Motion on the ambiguous

---

[7] Look argues that the Court should not take judicial notice of the filings in his disciplinary proceedings. See Objection to RJN (dkt. 25). The Court denies this objection, as the documents are public records and many are referenced in his Complaint. See Tellabs, Inc., 551 U.S. at 322 (documents referenced in complaint); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (matters of public record); see also State Bar Opp'n to Objection to RJN (dkt. 28) at 3–5 (recounting references in the Complaint). The Court does not take notice of the underlying facts.

grounds of lack of 'good cause.'" Id. at 13. Look provides no authority for his suggestion that the Review Department must make findings of fact in order for the Supreme Court's review to have preclusive effect.[8] To the extent that he contends that the Supreme Court's order was not final because it was so brief, he provides no authority for that contention and the law is to the contrary, see In re Rose, 22 Cal. 4th 430, 448 (2000) (summary denial is still a final judicial determination on the merits for purposes of establishing re judicata); see also Khanna, 505 F. Supp. 2d at 649 ("The ruling of the California Supreme Court disbarring Mr. Khanna, even though summary, is on the merits.").

If what Look intends to argue is that there was no final determination because he did not appeal the Review Department's order to the California Supreme Court, he is mistaken. On October 27, 2015, the Bar's Review Department denied Look's motion to vacate the September 25, 2015 order suspending him from the practice of law. See RJN Ex. 7. That same day, Look filed with the California Supreme Court a "Request for Stay of Ultra Vires Sua Sponte Order of Suspension by Review Department of State Bar Court," which he identified as having been "Filed in aid of Petition from an ex Parte Order of the Review Department Of the State Bar Imposing a Suspension under Rule 9.10(b) on 9/25/15." See RJN Ex. 8. That motion stated that because Look was unclear what rules applied in his case, he was resubmitting his request for relief from the ex parte order. Id. at 1 ("the original Petition is resubmitted with this Request. . . In an excess of caution lest the 14 day deadline be treated as jurisdictional, Petitioner resubmits the Petition within 14 days."). The California Supreme Court treated the motion as a petition for review by denying the stay. See RJN Ex. 9. The Complaint concedes that the California Supreme Court returned a subsequent attempt at a petition for review in November 2015, "stating the case was closed." See Compl. ¶ 35.

As the individual Bar defendants point out, if Look is correct that the California

---

[8] The Review Department's order was short, though it noted that "respondent has not passed the Multistate Professional Responsibility Examination within the time prescribed in the Supreme Court order filed July 9, 2014" and, "[f]inding no good cause," it denied the motion for relief from the September 25, 2015 order. See RJN Ex. 7 (Review Dept. Order).

10

1 Supreme Court's November 10, 2015 order is not final, then the Review Department's
2 October 27, 2015 order is final. See Cal. Bus. & Prof. Code § 6084(a) ("When no petition to
3 review or to reverse or modify has been filed by either party within the time allowed therefor
4 . . . the decision or order of the State Bar Court shall be final and enforceable.").[9] The Bar
5 defendants also note that Look's argument that "[t]he very fact that the Review Department
6 reversed its original Order in April 2016 . . . shows it was not a final determination," Opp'n
7 to Bar MTD at 14, improperly characterizes the April 2016 order as a reversal. See Reply re
8 Bar MTD (dkt. 32) at 14 n.9. The April 2016 Order terminated Look's suspension, stating
9 that the State Bar received evidence that Look complied with the conditions of his probation.
10 See RJN Ex. 11 (4/21/16 Review Dept. Order) ("On April 12, 2016, the Office of Probation
11 of the State Bar notified the court that respondent has submitted proof that he passed the
12 [MPRE].").

13 Because there was a final judgment, the issues raised are identical, and the party
14 against whom preclusion is sought is identical, res judicata applies. See Khanna, 505 F.
15 Supp. 2d at 648 (holding that collateral estoppel barred claims against State Bar employees).
16 The Court DISMISSES counts one through five against the individual State Bar employees
17 for this reason.

### iii. Judicial and Quasi-Judicial Immunity

19 The individual Bar employees are also correct that they are entitled to judicial or
20 quasi-judicial immunity. The federal common law doctrine of judicial immunity precludes
21 suits against state bar employees when such actions are based on alleged wrongdoing in the
22 course of administering attorney discipline in a court-like manner. See Hirsh, 67 F.3d at 715
23 ("The Bar Court judges and prosecutors have quasi-judicial immunity from monetary

---

[9] This alternative ground would preclude the Court from holding that the State Bar took no "state action" under counts 1–4 and 6, as the State Bar Defendants argue, see Bar MTD at 13–14 ("the State Bar does not actually impose any discipline, but only makes recommendations to the California Supreme Court."), but that argument fails anyway. The cases the State Bar Defendants cite in support on this point all relate to the power of the State Bar to "grant or deny admission to the bar," which is not at issue here. See id. (citing Chaney v. State Bar of Cal., 386 F.2d 962, 966 (9th Cir. 1967); Margulis v. State Bar of Cal., 845 F.2d 215, 216–17 (9th Cir. 1988); Giannini v. Comm. of Bar Examiners, 847 F.2d 1434, 1435 (9th Cir. 1988)).

11

United States District Court
For the Northern District of California

damages. . . . so long as they perform functions similar to judges and prosecutors in a setting like that of a court."). A "prosecuting attorney, as a quasi-judicial officer, enjoys immunity from suit . . . insofar as his prosecuting functions are concerned." See Clark v. Wash., 366 F.2d 678, 681 (9th Cir. 1966).

Look argues, correctly, that the State Bar employees should not be entitled to immunity for their administrative functions:

> The myriad of non-judge employees of the California State Bar include door security, clerical and investigative staff personnel, phone bank operators, the publishing staff of its journal and webpages, as well as attorney employees and its governing board and its staff. Few of their job functions have a common law anologue traditionally accorded immunity.

Opp'n to Bar MTD at 9. The problem with his argument is that his Complaint complains not of phone bank operators performing administrative functions but of a judge and lawyers performing legal functions. Although the allegations in the Complaint are difficult to track, the individual Bar defendants are accused of the following:

- Laubscher (a "probation 'deputy'") submitted to Purcell an unsworn ex parte communication, falsely asserting that Look had not taken the MPRE. Compl. ¶¶ 12, 18. Laubscher then refused to produce to Look the records showing that he really had passed the MPRE. Id. ¶ 32. Laubscher subsequently submitted a second ex parte communication admitting that Look had taken and passed the MPRE. Id. ¶ 36. Laubscher engaged in a conspiracy with the other individual defendants to harass Look and "engender a probation violation." Id. ¶ 53.
- Purcell (a "Judge of the Review Department") issued a sua sponte order stating that Look had failed to take and pass the MPRE and suspending him from the practice of law. Id. ¶¶ 11, 20. Purcell engaged in a conspiracy with the other individual defendants to harass Look and "engender a probation violation." Id. ¶ 53; see also id. ¶ 58 ("Whatever her role before . . . Purcell became a knowing part of the foregoing conspiracy.").
- Cueto (a "supervising attorney") refused to produce to Look the records showing that he really had passed the MPRE. Id. ¶¶ 12, 32. Cueto engaged in a conspiracy with

- Goldade (a "supervising attorney") refused to produce to Look the records showing that he really had passed the MPRE. Id. ¶¶ 12, 32. Goldade engaged in a conspiracy with the other individual defendants to harass Look and "engender a probation violation." Id. ¶ 53.
- McCormick (an "employee of the Office of State Bar Trial Counsel" and "attorney employed within . . . [the] State Bar Trial Counsel's Office") refused to produce to Look the records showing that he really had passed the MPRE. Id. ¶¶ 12, 30, 32.

There is no doubt that Look is suing Purcell, a State Bar judge, for performing functions similar to judges in a court—issuing an order suspending Look in a disciplinary proceeding is much like issuing an order sentencing a defendant in a court. See Hirsh, 67 F.3d at 715. Purcell is even immune from the allegation that she engaged in a conspiracy. See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) ("conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."); see also Wolfgram v. State Bar of Cal., 91 F.3d 158 (9th Cir. 1996) (State Bar judge has quasi-judicial immunity from monetary damages); Khanna, 505 F. Supp. 2d at 646 (applying common law judicial immunity to State Bar judge in case involving allegations "that she was doing all that she could to decide the case in a particular way—i.e., against him").

Look's allegations against Laubscher, Cueto, Goldade and McCormick essentially involve failing to turn over exculpatory evidence, and conspiring against Look with Purcell. But prosecutors also have immunity from conspiring, see Ashelman, 793 F.2d at 1078, and in the Ninth Circuit "[a] prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction," while a Brady violation, is "an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages," see Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003). The additional allegation as to Laubscher is that she initiated the lawsuit by falsely claiming that Look had

13

not passed the MPRE. See Compl. ¶ 18. But initiating a lawsuit is also a prosecutorial act protected by quasi-judicial immunity. See Imber v. Pachtman, 424 U.S. 409, 424–31 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages."); see also Broam, 320 F.3d at 1029–30 (recognizing immunity for failing to investigate accusations against a defendant before filing charges, and immunity from knowing use of false testimony at trial).

The Complaint complains of actions the individual Bar defendants took that are akin actions taken by judges and prosecutors in court. Accordingly, they are entitled to immunity and the Court DISMISSES counts one through five against them.[10]

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS both motions with prejudice.

**IT IS SO ORDERED.**

Dated: January 24, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[10] The declaratory relief claim is also dismissed because 28 U.S.C. § 2201 does not provide an independent basis for jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). The declaratory relief claim fails for lack of an underlying cause of action. See Sires v. State of Wash., 314 F.2d 883, 884 (9th Cir. 1963).

14