1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM B. LOOK, JR.,

      Plaintiff,

  v.

KAMALA HARRIS et al.,

      Defendants.

_____/

No. C 16-5465 CRB

**ORDER DENYING MOTION FOR RELIEF**

17

18

19

20

21

22

23

24

25

26

27

28

     Pro se Plaintiff William B. Look has filed a "Motion for Relief Under Rule 60 and Request for Leave to Amend" (dkt. 48), in which he asks the Court to vacate judgment and to allow him to amend his complaint.  Look fails to identify the provision of Rule 60 upon which he bases his motion, but, as he is not claiming a clerical mistake under Rule 60(a), and as none of the other Rule 60(b) grounds for relief appear applicable, the Court will consider the motion under Rule 60(b)(6), "any other reason that justifies relief."  "Only 'extraordinary circumstances' may constitute an 'other reason that justifies' reconsideration" under Rule 60(b)(6).  See Totah v. Lucasfilm Entertainment Co. Ltd., No. C-09-4051 MMC, 2011 WL 723726, at *1 (N.D. Cal. Feb. 23, 2011) (quoting Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 864 & n.11 (1988)).

     Look argues that there was no final judgment on the merits in state court, a prerequisite for res judicata.  See Mot. at 2.  But Look already made this argument, and the

United States District Court
For the Northern District of California

1   Court rejected it.  See Order Granting Motions to Dismiss (dkt. 46) at 9–11.  Even if Look is

2   correct in his interpretation of the state proceedings, the Court's Order dismissing his

3   Complaint was not based on res judicata alone.  See id. at 11–14 (holding that judicial and

4   quasi-judicial immunity bar Look's claims).

5         Look also complains that he was denied oral argument, "despite having made a record

6   of intending to address the issue of waiver of sovereign immunity."  Mot. at 2.  But "[i]t is

7   well-settled that there is no constitutional due process right to oral argument," see Sovereign

8   Gen. Ins. Servs., Inc. v. Nat'l Cas. Co., 359 F. App'x 705, 708 (9th Cir. 2009), and the

9   Court's Order vacating the hearing cited to Civil Local Rule 7-1(b), which provides that in a

10  judge's discretion, "a motion may be determined without oral argument," see Order Taking

11  Matter Under Submission (dkt. 45); Civ. L. R. 7-1(b).  That Look filed a "Notice of Intent to

12  Cite State Authority at Oral Argument" (dkt. 42), in which he asserted his plan to discuss

13  eight cases that he, for no clear reason, did "not previously cite[] in any of [his] papers," id.

14  at 1,[1] including his thirty-seven page Opposition brief (dkt. 29),[2] or his unauthorized

15  "Supplemental Memorandum of Law in Opposition to State Bar Defendants' Rule 12(B)

16  Motion" (dkt. 30), does not entitle him to oral argument.

17        Finally, Look argues that he should be given leave to amend to add additional

18  defendants, asserting: "although the Order does not address municipal liability per se, instead

19  of the State Bar[,] individual defendants responsible for the pattern and practice of blocking

20  access to MPRE scores could be substituted."  See Mot. at 3.  This argument is not altogether

21  clear.  The Court's order did not address municipal liability because Look did not sue a

22  municipality.  See generally Compl.  To the extent that Look seeks to add additional,

23  unnamed defendants not identified in his original complaint, or this Motion, who created the

24  Bar's alleged "pattern and practice of blocking access to MPRE scores," he bumps up against

---

26     [1] The cases he identified were not newly-decided.  Two were from the 1960's, two from the
27  1970's, two from the 1990's, and two from the 2000's.  See id.

28     [2] See Civil L.R. 7-3 (requiring that opposition briefs "may not exceed 25 pages of text");
    Standing Order of this Court ¶ 5 ("Briefs or Memoranda of Points and Authorities . . . in opposition to[]
    any motions filed in an action . . . may not exceed FIFTEEN (15) pages in length."

1   the Eleventh Amendment.  See Hirsh v. Justices of the Sup. Ct. of Cal., 67 F.3d 708, 715 (9th

2   Cir. 1995).  To the extent that he seeks to impose on those individuals some kind of

3   supervisory liability, it is hard to imagine how a supervisor could be liable for the very

4   actions of his or her supervisees—the individuals who actually interacted with Look—that

5   the Court already held do not create liability.  See Corales v. Bennett, 567 F.3d 554, 570 (9th

6   Cir. 2009) (no supervisor liability if no underlying constitutional violation); see also Order

7   Granting Motions to Dismiss at 11–14.  Because Look has failed to articulate a viable theory

8   for suing additional defendants, the Court concludes that amendment would be futile.

9   See Leadsinger, Inc. v. MBG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008).[3]

10       Given the lack of extraordinary circumstances, see Totah, 2011 WL 723726, at *1, the

11   Motion  is DENIED.

12       **IT IS SO ORDERED.**

13

Dated: February 3, 2017

14                             CHARLES  R. BREYER
                                UNITED STATES DISTRICT JUDGE

---

27       [3] Look also argues that "the allegations against the Attorney General can be 'beefed up,'" see

28   Mot. at 3–4, without offering any additional detail.  He has not demonstrated "a very significant possibility of future harm."  See San Diego Cty. Gun Rights Committee v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996).